[J-43-2015] [M.O. - Wecht, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 701 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | 07/10/2014 in the Court of Common |
| | : | Pleas, Criminal Division of Philadelphia |
| v. | : | County at No. CP-51-CR-0936052-1991 |
| | : | |
| | : | |
| WILLIAM A. JOHNSON, | : | |
| | : | |
| Appellant | : | SUBMITTED:  July 1, 2015 |

## CONCURRING OPINION

**CHIEF JUSTICE SAYLOR**                                    **DECIDED:  June 20, 2016**

I join Parts I, II, III, and IV(A), (E) and (F) of the majority opinion, concur in the result relative to the balance, and write to the majority's treatment of Appellant's *Kloiber*-related claim in Part IV(D).

Initially, I agree with Appellant that the trial court's charge to the jury concerning the eyewitness identification testimony was internally inconsistent.  On the one hand, the instruction suggested that jurors were themselves to decide whether to regard identification testimony with caution, in instances in which eyewitnesses previously failed to identify Appellant.  *See* N.T., June 3, 1992, at 15 ("[I]f you believe that the statement . . . [was] weakened because on a prior occasion that the person did not identify the same individual, then you have to decide on the accuracy of the identification as to whether or not the identification becomes so doubtful that the testimony as to identity must be received with caution.").  On the other hand, the court

proceeded to advise the jurors, correctly in this instance, that the eyewitness testimony had to be viewed with caution if there was a previous failure to identify. *See id.* ("[I]f you believe that there was a prior failure to identify . . ., then the accuracy of the identification is so doubtful that the testimony as to identity must be received with caution.").

I respectfully differ with the majority's position to the degree that it accepts such a materially inconsistent charge as an adequate and accurate statement of the law. *See Majority Opinion, slip op.* at 34-35. Similarly, I have difficulty with the majority's approval of jurors being "given the discretion . . . to decide whether the testimony was unreliable" before they would be required to receive with caution eyewitness testimony impacted by the special factors delineated in *Kloiber*. *Id.* From my point of view, *Kloiber* does not merely require that jurors be told that unreliable evidence should be treated as being unreliable; rather, it mandates that jurors are to be instructed that they must view eyewitness testimony with caution when it meets the specified criteria. *Accord Commonwealth v. Reid*, 627 Pa. 78, 113, 99 A.3d 427, 448 (2014) ("A *Kloiber* charge is appropriate where there are special identification concerns: a witness did not have the opportunity to clearly view the defendant, equivocated in his identification of a defendant, or had difficulty making an identification in the past.").

As discussed at length in *Commonwealth v. Walker*, 625 Pa. 450, 92 A.3d 766 (2014), this Court otherwise has maintained the ongoing concern that jurors should have appropriate information to address "the vagaries of eyewitness identification." *Id.* at 471, 92 A.3d at 779 (quoting *United States v. Wade*, 388 U.S. 218, 228, 87 S. Ct. 1926, 1933 (1967)). Here, I find both the tolerance for an internally inconsistent charge concerning eyewitness identification -- as well as the near tautological perspective that

jurors may be told to regard evidence with caution only after they already have found it to be unreliable -- to be in tension with this perspective.

I realize that this Court has previously approved a similarly diluted charge concerning eyewitness identification issued by the same judge as presided at Appellant's trial. *See, e.g.*, *Commonwealth v. Washington*, 592 Pa. 698, 728-29, 927 A.2d 586, 603-04 (2007). Particularly post-*Walker*, however, I would take the opportunity to modify the jurisprudence going forward.

Respecting this claim, I support the outcome solely based on the prejudice prong of the ineffectiveness inquiry, in light of the substantial evidence adduced against Appellant, and since the relevant jury charge ultimately did conclude with a correct statement of the law.

Justices Todd and Donohue join this concurring opinion as pertains to Part IV(D).